UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-108(DSD/JJG)


Hoangson D. Tran,

        Plaintiff,

v.                                                     **ORDER**

Minnesota Department of
Transportation,

        Defendant.


        Hoangson D. Tran, 7531 Upper 24th Street North, Oakdale,
        MN 55128, pro se.

        Kristyn M. Anderson, Esq., Jennifer A. Service, Esq.,
        Minnesota Attorney General, Suite 1100, 445 Minnesota
        Street, St. Paul, MN 55101, counsel for defendant.


        This matter is before the court upon defendant's motion to
dismiss or in the alternative for summary judgment.  Based upon a
review of the file, record and proceedings herein, and the
arguments of counsel at the hearing, defendant's motion for summary
judgment is granted.


                            **BACKGROUND**

        Defendant Minnesota Department of Transportation ("MnDOT")
fired pro se plaintiff Hoangson Tran on October 2, 2003.  On July
13, 2004, plaintiff filed a charge of discrimination with the Equal
Employment Opportunity Commission ("EEOC") alleging national origin
discrimination and retaliation, in violation of Title VII of the

Civil Rights Act.  On February 15, 2005, the EEOC issued plaintiff a right-to-sue notice.  (Anderson Aff. Ex. B.)  The notice instructed plaintiff that he would lose his right to sue on his Title VII claims if he did not file a lawsuit within ninety days from receipt of the notice.  (Id.)

On May 5, 2005, plaintiff sent a certified letter to the Honorable James M. Rosenbaum, Chief Judge of the United States District Court of Minnesota.  The subject of the letter was "Filing of lawsuit against Minnesota Department of Transportation as authorized by U.S. Equal Employment Opportunity Commission on 2/15/2005," and the letter stated plaintiff's intention to "file a formal lawsuit" against MnDOT.  (Froehlich Aff. Ex. A.)  Chief Judge Rosenbaum did not treat the May 5, 2005, letter as a complaint or order it to be filed.  Instead, according to plaintiff, on May 26, 2005, the Office of the Clerk for the District of Minnesota ("Clerk's Office") sent plaintiff a response that included various blank court forms.  Plaintiff proceeded to send four more letters to Chief Judge Rosenbaum between July 1, 2005, and January 3, 2006.  Plaintiff did not file his complaint in this action until January 5, 2006.  In the complaint, plaintiff asserts claims under Title VII of the Civil Rights Act, alleging that his termination was the result of retaliation and employment discrimination based on national origin.

2

On May 11, 2006, because more than 120 days elapsed since the suit was filed without being served, Magistrate Judge Jeanne J. Graham issued an order requiring plaintiff to serve defendant and file proof of service with the court by June 1, 2006.  Plaintiff attempted to do so with a letter dated May 22, 2006, to Lieutenant Governor Carol Molnau, MnDOT Commissioner, at MnDOT's central office.  Defendant first became aware of this litigation when it received that correspondence on May 25, 2006.  It included a copy of plaintiff's complaint but no summons, waiver of service of summons or notice and acknowledgment of service by mail.

Defendant now moves the court to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and Rule 12(b)(6) for failure to state a claim.  In the alternative, plaintiff moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.


### DISCUSSION

**I.   Summary Judgment Standard**

The moving party in a motion for summary judgment will prevail if it demonstrates to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) **(citing Fed. R. Civ. P. 56(c)).**  A fact is material only when its resolution affects the outcome of the case.  Anderson

3

v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. See id. at 255.  The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial.  See Celotex, 477 U.S. at 324.  Moreover, if a plaintiff cannot support each essential element of his claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial.  Id. at 322-23.

## II.  Timeliness of Plaintiff's Title VII Claims

Defendant argues that it is entitled to summary judgment because plaintiff's action is time barred.  The court agrees.

### A.    Statute of Limitations

A plaintiff claiming Title VII violations has ninety days from the date he or she receives the EEOC's notice of right to sue to file a lawsuit.  See 42 U.S.C. § 2000e-5(f)(1); Maegdlin v. Int'l Ass'n of Machinists & Aerospace Workers, 309 F.3d 1051, 1052 (8th Cir. 2002) (per curiam).  The ninety-day time period runs from the date the right-to-sue letter is received.  Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989).  When the date of

4

receipt is unknown, the court presumes the notice was received three days after mailing.  See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984) (per curiam) (citing Fed. R. Civ. P. 6(e)).

To commence a civil action in federal court, a party must file a complaint with the clerk of court.  Fed. R. Civ. P. 3, 5(e).  A judge may permit papers to be filed directly with the judge, in which case the judge records the filing date and transmits the papers to the clerk of court for filing.  Fed. R. Civ. P. 5(e).  The permissive "may" in Federal Rule of Civil Procedure 5(e), however, means that a judge is under no obligation to permit filing in this manner.  See Int'l Bus. Mach. Corp. v. Edelstein, 526 F.2d 37,46 (2d Cir. 1975) ("[T]he use of 'may permit' instead of 'may order' suggests to us that ... filing [directly with a judge] is proper only when the Court's discretion has been invoked by one of the parties for good cause, and that the rule was not intended to be invoked by the Court sua sponte."); Fl. State Bd. of Admin. v. Law Eng'g & Envtl. Servs., Inc., 262 F. Supp. 2d 1004, 1009 (D. Minn. 2003) ("may" is permissive).

In this case, the court must first determine on which date this action was "filed."  The court liberally construes plaintiff's response to argue that he satisfied the ninety-day requirement with his May 5, 2005, letter to Chief Judge Rosenbaum.  In that letter, plaintiff stated his intent to "officially file a formal lawsuit

against [MnDOT]," listed alleged discriminatory practices by MnDOT and asked for damages. (Froehlich Aff. Ex. A.) Chief Judge Rosenbaum, however, did not treat plaintiff's May 5 letter as a filing and was under no obligation to do so. Therefore, for purposes of determining the timeliness of plaintiff's action, the court will use the date plaintiff filed his complaint, January 5, 2006.

Applying the three-day receipt presumption to the facts of this case, plaintiff received the EEOC's right-to-sue letter on February 18, 2005. Plaintiff then had ninety days from that date – until May 12, 2005 – to commence his suit. He did not do so, however, until January 5, 2006, more than 300 days after he is presumed to have received the EEOC notice. Therefore, plaintiff's action is time barred.

### B. Equitable Tolling

The court is cognizant that it may equitably toll the statute of limitations if (1) the EEOC's notice was inadequate, (2) a motion for appointment of counsel is pending, (3) the court has led the plaintiff to believe all statutory requirements have been satisfied or (4) the defendant's conduct lulled the plaintiff into inaction. Hill, 869 F.2d at 1124 n.2. Equitable tolling, however, is reserved for those cases in which the late filing was a result of circumstances that "were truly beyond the control of the plaintiff." Id. at 1124. A plaintiff's pro se status does not

6

constitute grounds to equitably toll the statute of limitations. See Howard v. Boatmen's Nat'l Bank, 230 F.3d 1363 (8th Cir. 2000); Brooks v. Ferguson-Florissant Sch. Dist., 113 F.3d 903 (8th Cir. 1997). Further, the court will not disregard the procedural requirements established by Congress out of sympathy for particular litigants. See Shempert v. Harwick Chem. Corp., 151 F.3d 793, 797-98 (8th Cir. 1998).

The court finds that plaintiff meets none of the requirements to invoke the doctrine of equitable tolling. The EEOC's notice was adequate, plaintiff has not filed a motion for appointment of counsel and the record is devoid of evidence that defendant in any way lulled plaintiff into inaction. As for plaintiff's letters to the court, plaintiff received nothing in response from the court that could lead a reasonable person to believe that all statutory requirements had been satisfied. To the contrary, the Clerk's Office sent plaintiff blank court forms. Although plaintiff offered no evidence of the nature of these forms, the standard packet sent to pro se litigants seeking information about Title VII matters contains, among other documents, instructions for filing a civil complaint, notice to pro se litigants regarding service, a sample complaint form and an application to proceed without payment of fees. Far from confirming completion, these documents are

instructive in nature and do not indicate that merely writing letters to the Chief Judge suffices to successfully file a complaint in federal court.

For all of these reasons, plaintiff's Title VII claims are time barred, and summary judgment is warranted.

### III.  Insufficient Service of Process

Even if the court equitably tolled the statute of limitations, dismissal of plaintiff's complaint would still be warranted pursuant to Federal Rule of Civil Procedure 12(b)(5).  A plaintiff is responsible for serving a defendant with both a summons and the complaint within 120 days after the filing of the complaint.  Fed. R. Civ. P. 4(c)(1), 4(m); see Anderson v. Osh Kosh B'Gosh, No. 05-13921, 2006 WL 940660, at *2 (11th Cir. Apr. 12, 2006).  Service of a summons "is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction of the person of the party served."  Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) (citation omitted). The procedural requirement of serving the summons must be satisfied before a federal court may exercise personal jurisdiction over a defendant.  See id.  Without proper service, a federal court will not hear the case.  See Printed Media Servs. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993) ("If a defendant is improperly served, a federal court lacks jurisdiction over the defendant.");

Dodco, Inc. v. Am. Bonding Co., 7 F.3d 1387, 1388 (8th Cir. 1993)

(same).

Under Federal Rule of Civil Procedure 4(j)(2), service upon a state or governmental organization is effected in two ways. First, a copy of the summons and complaint can be delivered to the chief executive officer of the state or governmental organization. Fed. R. Civ. P. 4(j)(2). "Delivery" under Federal Rule of Civil Procedure 4(j)(2) means personal service on the chief executive officer and does not allow service by mail. See Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga., 720 F.2d 1230, 1232 (11th Cir. 1983) (discussing Rule 4(d)(6), predecessor to the current Rule 4(j)(2)); Linares v. City of White Plains, 773 F. Supp. 559, 565 (S.D.N.Y. 1991) (same). Second, defendant can be served in the manner prescribed by state law. Fed. R. Civ. P. 4(j)(2). Under Minnesota law, service upon the state is effected by delivering a copy of the complaint and summons to the attorney general, a deputy attorney general or an assistant attorney general. Minn. R. Civ. P. 3.02, 4.03(d). Service under Minnesota law may be made by mail and requires mailing a copy of the summons and complaint to the person to be served, together with two copies of a notice and acknowledgment and a return envelope, postage prepaid, addressed to sender. Id. 4.05.

Plaintiff did not properly serve defendant under either method of service. Plaintiff's May 22, 2006, letter to Lieutenant

9

Governor Molnau, construed by the court as an attempt to serve the chief executive officer of MnDOT, was ineffective because it was by mail and not in person.  Neither did plaintiff properly serve the Minnesota Attorney General pursuant to Minnesota Rule of Civil Procedure 4.03(d).  Therefore, even if plaintiff's complaint was not time barred, dismissal would be warranted because plaintiff did not satisfy the service requirements of Federal Rule of Civil Procedure 4(j)(2).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to dismiss or in the alternative for summary judgment [Doc. No. 3] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  October 11, 2006

s/David S. Doty
David S. Doty, Judge
United States District Court